810 F.2d 200
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Terry Lee CLIFTON, Petitioner-Appellant,
v.
Howard COOK, Warden; and Mike Cody, State Attorney General,
Respondents-Appellees.
 No. 86-5257.
 United States Court of Appeals, Sixth Circuit.
 Nov. 20, 1986.
 
 Before: MARTIN, MILBURN, and BOGGS, Circuit Judges.
 PER CURIAM.
 
 
 1
 This case is before us for review of the denial of a petition for writ of habeas corpus.
 
 
 2
 On September 30, 1983, Terry Lee Clifton was convicted of grand larceny and being an habitual criminal following a trial by jury in the Madison County, Tennessee, Criminal Court. He was sentenced to life imprisonment. He appealed his conviction to the State Court of Criminal Appeals which, among other things, ruled that his sentence under the Tennessee Habitual Criminal Act was constitutional as applied to him.
 
 
 3
 In his petition for a writ of habeas corpus filed in the district court, Clifton alleged four grounds for relief. The first and fourth allegations concerned the constitutionality of the application of the Tennessee Habitual Criminal Act. The second and third allegations dealt with an unlawful amendment or alteration of the state court indictment and a challenge to the jurisdiction of the state court based on the fact that his original conviction involved a United States Treasury check. The state filed an answer to the petition alleging that the second and third grounds had not been exhausted in the Tennessee state court system and that the petition should be dismissed. In response, the petitioner filed a document admitting that the second and third grounds had not been exhausted and asked that they be dismissed. He further requested that the case proceed on his first and fourth grounds which challenge the constitutionality of the Tennessee Habitual Criminal Act. This amendment was allowed and the case proceeded to determination before the district court which found that the petition was without merit.
 
 
 4
 The district court held and we agree that relying on Moreno v. Estelle, 717 F.2d 171 (5th Cir.1983), it is unnecessary to examine the eighth amendment challenge to the Tennessee Habitual Criminal Statute because of the guidelines set out in Solem v. Helm, 463 U.S. 277 (1983). We believe the district court, after finding petitioner's claim is not distinguishable from Rummel v. Estelle, 445 U.S. 263 (1980), was correct in upholding the Tennessee Habitual Criminal Act and the conviction of the petitioner. We do not believe that recent amendments to the Act change the outcome of this appeal.
 
 
 5
 We find no error and the judgment of the district court is affirmed.